UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT MOSLEY, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. SA-17-CV-583-XR |
| | § | |
| BEXAR COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this date, the Court considered Defendant Bexar County's Rule 12(b)(5) Motion to Dismiss for Insufficient Service. Docket no. 9. After careful consideration, the motion is DENIED.

**BACKGROUND**

Plaintiffs filed their original complaint in this Court on June 29, 2017, naming Bexar County as one of several defendants. Docket no. 1. Plaintiffs requested summons as to Bexar County, which was issued. Docket nos. 2, 4. On July 18, Plaintiffs filed a return of service, indicating that Defendant Bexar County had been served by personally serving an individual named Sylvia Carrillo on July 11. Docket no. 5.

On July 26, Bexar County filed a Rule 12(b)(5) Motion to Dismiss for Insufficient Service. Docket no. 9. Bexar County argues that Carrillo is not designated by law to accept service on behalf of Bexar County, and the summons is directed at Bexar County Sheriff Javier Salazar. *Id*. at 1. Bexar County seeks dismissal of Plaintiffs' claims.

Plaintiffs timely responded. Docket no. 11. They state that Carrillo is an employee of the Bexar County Sheriff's Office and represented that she was authorized to accept summons on the

1

Sheriff's behalf. *Id*. at 1. They point out that because this case was filed towards the end of June, they still have ample time within the 90-day time limit provided by Federal Rule of Civil Procedure 4(m) to effect proper service on Bexar County. *Id*. They do not appear to contest that serving Bexar County through Carrillo was improper, and indeed, have since requested issuance of summons directed at Bexar County Judge Nelson W. Wolff.[1] *See generally id*.; Docket no. 11.

## DISCUSSION

As noted, it is undisputed that Plaintiffs' initial attempt to serve Bexar County through Carrillo was improper. Thus, the question becomes the effect of that improper attempt at service, especially where Plaintiffs are well within the 90 days provided by Rule 4(m) to serve Bexar County.

District courts in Texas routinely recognize that "[w]hen process or the manner of its service is insufficient, 'federal courts have broad discretion to dismiss the action or to retain the case but quash the service'" *E.g.*, *Chapman v. Trans Union LLC*, CIV.A. H-11-553, 2011 WL 2078641, at *1 (S.D. Tex. May 26, 2011) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354 (3d ed. 2017)). Because there is no dispute that service on Carrillo was insufficient, the Court must exercise its discretion in dismissing the case or retaining the case but quashing service. This Court has previously provided guidance on how to exercise this discretion:

> [D]ismissal of a case is not appropriate where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Neely v. Khurana*, 2008 WL 938904 at *2 (N.D. Tex. April 7, 2008) (citing, among others, [WRIGHT & MILLER § 1354]). Dismissal, in fact, is not appropriate unless "there is no reasonably conceivable means of acquiring jurisdiction over the person of a

---

[1] Federal Rule of Civil Procedure 4(j)(2)(B) provides that "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Texas law, in turn provides that "[i]n a suit against a county, citation must be served on the county judge." TEX. CIV. PRAC. & REM. CODE § 17.024.

2

defendant." *Id.* (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process)). The Court therefore also has discretion to quash the defective service of process and allow the plaintiff another opportunity to effect proper service of process. *Id.* Relevant factors for a court to consider in exercising this discretion include the plaintiff's pro se status and whether his was a good faith attempt to effect service. *See Monroe v. Tex. Utilities Co.*, 2002 WL 413866 at *2–3 (N.D. Tex. 2002).

*Bowman v. Sanofi-Aventis U.S.*, A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009).

Applying these factors in this case, dismissal is not appropriate. This case is barely a month old; Plaintiffs still have ample time to serve Bexar County without running afoul of Rule 4(m)'s time limits. Furthermore, Plaintiffs have demonstrated a good faith attempt to effect service by serving Carrillo, a Bexar County Sheriff's Office employee. And finally, Plaintiffs have already requested issuance of summons as to the Bexar County Judge. Still, even though Plaintiffs' claims against Bexar County should not be dismissed, the improper attempt at service through Carrillo must be quashed.

## CONCLUSION

The improper attempt at service is hereby QUASHED. In all other respects, Defendant Bexar County's Motion to Dismiss for Insufficient Service (Docket no. 9) is DENIED. Plaintiffs shall effect service on Defendant Bexar County in the manner proscribed by Federal Rule of Civil Procedure 4.

It is so ORDERED.

SIGNED this 2nd day of August, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3