# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT MOSLEY, JR., VINCENT MOSLEY, AND FELICIA MOSLEY, § § § | |
| PLAINTIFFS, § § | |
| V. § | Civil Action No. 5:17-CV-583-XR |
| § | |
| BEXAR COUNTY, HENRIETTA JOHNSON, AND SEAN MACAULEY #2899, § § § § § | |
| DEFENDANTS. § | |

## DEFENDANTS BEXAR COUNTY AND SEAN MACAULEY'S
## MOTION FOR EXPERT DEPOSITION FEES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendants Bexar County, Texas ("Bexar County") and Sean MacAuley ("MacAuley") (collectively "defendants") and respectfully move this Court to require payment of Defendants' expert, James Feig, M.D. fees for deposition testimony, arguing as follows:

### I. BACKGROUND

1. In the above-referenced matter, the parties have agreed to schedule the deposition of Bexar County and Sean MacAuley's designated expert witness, a Bexar County Medical Examiner, James A. Feig, M.D. Dr. Feig performed the autopsy of Mr. Robert Mosley, an inmate who was deceased on or about July 26, 2015. Mr. Mosley's death is at issue in the instant case.

2. Dr. Feig's deposition is set for Friday, May 3, 2019. Plaintiffs have noticed Dr. Feig's deposition, but have objected to the standard payment of fees for the deposition. The issue

before the Court is whether Dr. Feig's standard fee is reasonable and whether the fee should be altered due to Dr. Feig's employment relationship with Bexar County.

## II.  ARGUMENT

3. Defendants have designated Dr. Feig as their expert pursuant to Federal Rule of Civil Procedure 26(a)(2). Docket no. 117.  Dr. Feig does not object to being deposed as an expert, but under the Bexar County Medical Examiner's standard practice, appearance is conditioned upon plaintiff's payment of his reasonable fee.  For all Bexar County Medical Examiners—including Dr. Feig—depositions require a $1,000.00 pre-payment ($500.00 per hour, with a two hour minimum).  A copy of the fee schedule is attached and has been previously provided to all parties. *See* Exhibit A.  Plaintiffs protest the payment of fees, in part, alleging the expert fee is higher for the plaintiff than for Defendant Bexar County—an argument which disregards the fact that Bexar County employs Dr. Feig.  As a result, the parties have reached an impasse as to whether it is reasonable for plaintiffs to pay the standard rate for Dr. Feig's deposition.[1]

4. A party seeking discovery from the opposing party's expert will generally be required to pay that expert for the time spent responding to discovery. Fed. R. Civ. P. 26(b)(4)(E). Rule 16(b)(4)(C)(i) provides that in the absence of "manifest injustice," the Court **must** require the party seeking discovery to "pay the expert a reasonable fee for time spent in responding to discovery" under Rule 26. *Santella v. Grizzly Indus.*, 2012 U.S.Dist. LEXIS 193218, at *4 (W.D.Tex. Nov. 14, 2012).  There are seven criteria for determining whether the expert fee is reasonable: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available

---

[1] Importantly, defendants are not seeking expenses related to Dr. Feig's preparation for the deposition or for the time spent responding to plaintiffs' subpoena duces tecum. Pursuant to the fee schedule, the fees sought are only for the time spent during or waiting for the deposition. *See* Exhibit A.

experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26. *Id*. at *5 (additional citation omitted). At the conclusion of this analysis, "it is the court's discretion to set an amount that it deems reasonable." *Id*. (quoting *Fleming v. U.S.*, 205 F.R.D. 188, 190 (W.D. Va. 2000)).

5. With regard to the first two criteria, both weigh in favor of Dr. Feig's reasonable fee. Dr. Feig's curriculum vitae and previous testimony reference lists are attached. *See* Exhibit B. These documents demonstrate Dr. Feig's area of expertise along with his education and training required to perform the duties of a Medical Examiner, including approximately twenty-five years of medical experience with seventeen years being spent as a Medical Examiner. Dr. Feig is uniquely qualified to testify regarding Robert Mosley's death—Dr. Feig performed Mr. Mosley's autopsy. Due to his professional experience, Dr. Feig may offer expert testimony regarding the cause of Mr. Mosley death and proffer expert medical opinions related to the same. There is no doubt that the first two criteria weigh heavily in favor that a $500.00/hour fee would be reasonable for a person of such advanced medical training and extensive experience.

6. With regard to the criteria regarding the prevailing rates of other comparably respected available experts and fees traditionally charged by the expert on related matters, all criteria weight in favor of reasonableness. Texas law provides that "[a] Medical Examiner may charge reasonable fees for services provided by the office of Medical Examiner under this article, including cremation approvals, court testimonies, consultations, and ***depositions***," but "[t]he fee may not be assessed against the county's district attorney or a county office." Texas Code of Criminal Procedure, Art. 49.25 Medical Examiners, Sec. 13A Fees (a, c) (emphasis added).

3

Other Texas Medical Examiners, in similarly sized counties, charge comparative per hour fees for depositions or testimony. For example, Tarrant County Medical Examiners charge a $600.00/hour court testimony fee for technicians and analysts (Exhibit C), El Paso County Medical Examiners charge a $500.00/hour fee for testimony (Exhibit D), and Dallas County Medical Examiners charge a $525.00/hour fee for depositions, hearings or trial (Exhibit E).[2]  As a result, Bexar County has a comparative rate for Medical Examiner testimony that is comparable to other Texas Counties.

7. With regard to the nature, quality, and complexity of the discovery responses provided, as the Medical Examiner who performed Mr. Mosley's autopsy, the nature, quality, and complexity of Dr. Feig's testimony cannot be out-matched.  Dr. Feig would be the most highly qualified expert to give any medical opinions surrounding Mr. Mosley's death due to his personal experience with the case.  Any other expert retained would have to rely upon the Dr. Feig's work to reach their own medical opinions.  The same is true for other Medical Examiners across the State.  As a result, it is reasonable for El Paso County, Dallas County, Tarrant County and Bexar County to charge a $500.00-600.00/hour fee for a Medical Examiner's testimony due to the nature, quality, and complexity of their expertise and experience.

8. With regard to the fee actually charged to the party who retained the expert, Dr. Feig is a Bexar County employee and he is paid an annual salary as a Medical Examiner.  Whenever a Bexar County Medical Examiner is requested to testify at trial or at a deposition by a non-Bexar County entity, payment of an hourly fee is required.  Even if a Medical Examiner's testimony is requested by another County—as an expert or fact witness—the other government agency pays the appropriate reasonable fee.  Plaintiffs are not being charged a higher hourly rate than other

---

[2] The attached exhibits are public records and request the Court to take judicial notice of the fees reflected thereon.

4

litigants in civil matters. Further, plaintiffs suffer no disadvantage because Bexar County is not paying itself an additional fee above its current expenditures for Dr. Feig's salary, workspace, staff, other assistants, *etc*. *See Santella v. Grizzly Indus.*, No. A-11-CA-191-LY, 2012 U.S. Dist. LEXIS 193218, (W.D. Tex. Nov. 14, 2012) (finding a $1,000.00 per hour expert fee unreasonable when one party was charged the hourly fee for deposition testimony and the opposing party was provided the services without a fee); *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010) (finding plaintiff's counsel had not provided the Court with a good reason that an expert charged plaintiff $210.00/hour and then charged defendant $250.00/hour). Even if Bexar County is a party to litigation, by statute, the Bexar County Medical Examiner may not assess fees against another Bexar County office. Texas Code of Criminal Procedure, Art. 49.25 Medical Examiners, Sec. 13A Fees (c). This statute does not require that every time a County is a litigant in a civil matter the opposing party is provided free expert testimony by the County's medical examiners. Accordingly, the relationship between Bexar County and its medical examiners does not excuse payment of a reasonable fee for testimony elicited from these medical experts.

9. Other factors likely to assist the court in balancing the interest implicated by Rule 26 include the fact that Bexar County has an interest in protecting its significant investment into the Medical Examiner's Office.[3] Bexar County has a statutory right to ensure its doctors are not required to serve as free experts within the copious amount of civil litigation connected to deaths within Bexar County. *See* Texas Code of Criminal Procedure, Art. 49.25 Medical Examiners, Sec. 13A Fees (a,c) (emphasis added). If this Court found Medical Examiners could not charge a

---

[3] Although case law concerning Medical Examiner's expert witness fees is sparse, at least one appellate court has found that an appellant's objection to the assessment of expert witness fees requested by the Medical Examiner and the required payment to be within the trial court's discretion. *Russ v. Ratliff*, 538 F.2d 799, 805 n.12 (8th Cir. 1976).

reasonable fee for their testimony, every civil litigant could seek to use a Medical Examiner as a free expert witness and Bexar County would have no compensation for its medical professionals being utilized in that form.

10. Here, Dr. Feig is more than a fact witness—he is a designated medical expert whose hypothesis and opinions are relevant and integral to the case at hand. Accordingly, in light of all seven factors, Dr. Feig's hourly fee of $500.00/hour is reasonable and there is a complete absence of manifest injustice for plaintiffs to pay this expert a reasonable fee for the time spent being deposed pursuant to Rule 26.

WHEREFORE, PREMISES CONSIDERED, defendants pray that the Court grant the instant motion and for all other legal and equitable relief to which defendants are entitled.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ Kristin K. Bloodworth
KRISTIN K. BLOODWORTH
SBN: 24095848
Assistant District Attorneys
101 W. Nueva – Civil Division
San Antonio, Texas 78205
(210) 335-2139 – Telephone
(210) 335-2773 – Fax
kristin.bloodworth@bexar.org

## CERTIFICATE OF CONFERENCE

I certify that I have made a good faith attempt to confer with Plaintiffs' Counsel on the matters presented in this motion. Counsel has corresponded by email and in person to discuss the matter. The parties are at an impasse regarding what a reasonable fee would be for Dr. Feig's deposition testimony.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of April 2019, I electronically served the foregoing Defendants' Designation of Expert Witnesses:

Brian McGiverin
Dietz, Lawrence, & McGiverin
2221 Hancock Drive
Austin, Texas  78756
brian@lawcenterofaustin.com
Phone: 512-387-0718
Fax: 512-597-0805
Attorney for Plaintiffs

Laura A. Cavaretta
Adriaan Jansse
Cavaretta, Katona & Leighner PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
cavarettal@ckl-lawyers.com
Phone: 210-588-2901
Fax: 210-588-2908
Attorney for Defendant Henrietta Johnson

                                              /s/ Kristin K. Bloodworth
                                              KRISTIN K. BLOODWORTH